UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Oliver Boling,

    Petitioner,

v.

Mark S. Inch,

    Respondent.

Civil Action No. 17-2810 (UNA)

## MEMORANDUM OPINION

Petitioner is a District of Columbia prisoner incarcerated at the Estill Federal Correctional Institution in South Carolina. Appearing *pro se*, he has submitted an action for a writ of mandamus and an application to proceed *in forma pauperis*. The application will be granted and this case will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted).

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. Petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well settled that a writ of mandamus is not available to compel discretionary acts," *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases), and it "will usually be denied when the petitioner could have invoked an adequate, ordinary remedy," *In re GTE Service Corp.*, 762 F.2d 1024, 1026 (D.C. Cir. 1985).

Petitioner claims that for 26 years, the Director of the Bureau of Prisons has withheld institutional and statutory good-time credit allegedly due him under D.C. law. Pet. at 1. Because the claim concerns the calculation of petitioner's sentence, it is the exclusive province of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding "that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Moreover, "it is well-settled" in this circuit "that a [person] seeking relief from his conviction or sentence may not bring [actions for injunctive and declaratory relief]" but must proceed instead in habeas, *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam) (citations omitted), in the federal district court capable of exercising jurisdiction over "the respondent custodian," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). *See Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of . . . habeas relief"); *LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996) (determining that the district court lacked subject matter jurisdiction over a declaratory judgment action because the remedy of habeas corpus was available in the location of the plaintiffs' custodian).

For the foregoing reasons, this mandamus action will be dismissed. A separate order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: February 12, 2018